CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAR 30 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 7:07-cr-00084-3** |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| **DANNY LEE PEOPLES,** | ) | **By: Hon. James C. Turk** |
| Petitioner. | ) | **Senior United States District Judge** |

Petitioner Danny Lee Peoples, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner alleges that his federal sentence should run concurrently with a state sentence and that he is entitled to a sentence reduction because he is ineligible for a drug-treatment program. The United States filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants the United States' motion to dismiss.

I.

Petitioner signed a plea agreement with the United States to plead guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. (Plea Agt. (no. 144) 1.) In exchange for this plea, the United States agreed to dismiss five other indicted counts. Petitioner's plea agreement recited that petitioner knowingly and voluntarily waived his rights to appeal and to collaterally attack the judgment and sentence.

On July 11, 2008, the court conducted the Rule 11 plea colloquy. Petitioner told the court that he graduated high school, understood English, was not under the influence of any substance, understood the rights he surrendered by pleading guilty, and understood the applicable sentencing guidelines and the maximum sentences. (Plea Hr'g Tran. (no. 168) 6-14.) Petitioner also affirmed that no one threatened or promised him anything to induce his guilty plea beyond the

terms described in the plea agreement. (Id. 7.) At the conclusion of the hearing, the court held that petitioner knowingly and voluntarily tendered his guilty plea pursuant to the written plea agreement. (Id. 16.)

On January 7, 2009, the court sentenced petitioner to 120 months incarceration with five years of supervised release. Due to petitioner's extensive criminal history, petitioner originally was required to have a minimum statutory sentence of 240 months. However, the United States filed on petitioner's behalf a motion for substantial assistance that the court granted, effectively reducing petitioner's incarceration by half.

Petitioner filed the instant § 2255 motion in November 2009. Petitioner argues that he requested his attorney to seek a federal sentence that ran concurrently with a speculative state sentence and that the United States agreed. However, all parties allegedly knew that the state sentence had not yet been entered, but counsel assured petitioner that he could request a Rule 35 motion to reduce his federal sentence by the amount of time imposed by the state court. Petitioner alleges that the United States promised to recommend that his federal sentence be served concurrently with his state sentence. Petitioner also argues that he should be resentenced because he is not able to participate in the drug program because of his state-correctional detainer. The detainer allegedly prevents him from transferring to a half-way house.

II.

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences, pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional

2

violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A.

The United States argues that petitioner waived his right to collaterally attack his conviction and sentence. As part of a plea agreement, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). In determining whether such a waiver is "knowing and intelligent," a court must determine "the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotations and citation omitted). "Applying standard contract law, [federal courts] enforce a plea agreement's plain language in its ordinary sense and do not write the contracts of the parties retroactively, but merely construe the terms of the contract the parties have previously signed." United States v. Jordan, 509 F.3d 191, 195 (4th Cir. 2007) (internal quotation marks and citations omitted).

After reviewing the record, the court finds that petitioner knowingly, intelligently, and

voluntarily entered his guilty plea pursuant to a written plea agreement that waived his right to collaterally attack his conviction and sentence. Petitioner's plea agreement contained a broad and express waiver of the right to collaterally attack the judgment or sentence imposed by the court. Petitioner initialed the pages[1] and signed the last page of the plea agreement. During the Rule 11 colloquy, petitioner affirmed under oath his understandings of both the potential consequences of pleading guilty and his agreement to not collaterally challenge his convictions or sentences. (Plea Hr'g Tran. 18.) Furthermore, petitioner agreed that his sentence conformed to the plea agreement. (Sent. Tran. (no. 239) 9.) Accordingly, the court finds that petitioner knowingly, intelligently, and voluntarily waived his right to file the instant § 2255 motion.

B.

The court also finds that petitioner's claims contradict the terms of his plea agreement and his statements made during the guilty plea hearing. "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." Lemaster, 403 F.3d at 221 (citation, internal quotation marks, and alterations omitted). In fact, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible,' and 'patently frivolous or false." Id. (citations omitted).

Petitioner's allegation of a "secret" deal regarding concurrent sentencing must be dismissed as patently frivolous or false. Petitioner affirmed under oath during his Rule 11

---

[1]Petitioner did not initial the first page or the last page, but the last page has his signature.

colloquy that no other promises existed beyond what the parties wrote in the plea agreement. The plea agreement also stipulated that it was the only and entire record of the agreement between petitioner and the United States. (Plea Agt. 10.) Petitioner also acknowledged that the United States had not promised to make a motion for substantial assistance on his behalf as of the time he signed the plea agreement. (Id. 7.) Importantly, petitioner agreed that the discretion to file a motion for substantial assistance vested entirely with the United States. (Id.) Finally, petitioner also acknowledged that the "plea agreement is not contingent in any way on the United States making a substantial assistance motion." (Id.)

Petitioner now claims that the United States promised either a recommendation that the court sentence petitioner concurrently to a state sentence that did not yet exist at the time of sentencing or another Rule 35 motion following his state sentencing. However, petitioner correctly recognizes that "the record is completely devoid" of counsel's and the United States' discussions on concurrent sentencing. (Pet.r's Resp. (no. 246) 4.) Furthermore, the court did not have the legal ability to order a federal sentence to run concurrently with a non-existant state sentence.[2] Moreover, petitioner acknowledged in his plea agreement the United States has the sole discretion to file a motion for substantial assistance; he is not entitled to that motion, and it was not a basis for the plea agreement. (Plea Agt. 7-8.) Therefore, petitioner's claims are patently frivolous or false when compared to his plea agreement and the Rule 11 colloquy. See Plea Hr'g Tran. 17 (petitioner acknowledged he reviewed the plea agreement with counsel and fully understood its terms).

---

[2]Petitioner's exhibit to his § 2255 motion states that the Circuit Court for Carroll County, Virginia, sentenced petitioner on February 19, 2009, for violating the terms of his probation, a month after the court sentenced petitioner for his federal charge.

C.

Petitioner's request for resentencing because of his inability to participate in a drug program does not meet the jurisdictional requisites of § 2255. Petitioner's placement in a half-way house for drug programming is at the discretion of the Bureau of Prisons. See 28 U.S.C. § 2255(a). See, e.g., Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977) (inmates have no constitutional right to rehabilitation programs or education programs of any particular kind.) Therefore, petitioner fails to state a claim upon which relief may be granted.

III.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses petitioner's motion to vacate, set aside, or correct sentence. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

**ENTER:** This 29th day of March, 2010.

James C. Turk
Senior United States District Judge