CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 15 2012

JULIA C. DUDLEY, CLERK
BY: /s/ BWeeM
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:07CR00084 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DANNY LEE PEOPLES, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Danny Lee Peoples, a federal inmate proceeding pro se, filed a pleading that he styles as an "OMNIBUS MOTION TO MODIFY SENTENCE 18 U.S.C. § 3582(C)(1)(B) PETITION FOR A WRIT OF MANDAMUS." For the reasons stated, the court denies Peoples' motion, and construes and dismisses it without prejudice as a successive § 2255 motion.

Peoples seeks modification of his sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. Aug. 17, 2011). As authority for the court to revisit and correct his sentence so long after it was imposed, Peoples refers to 18 U.S.C. § 3582(c)(1)(B); 18 U.S.C. § 3742(a)(4); 28 U.S.C. § 1651; Fed. R. Civ. P. 81(a); 28 U.S.C. § 2241; and 28 U.S.C. § 1361 (mandamus). None of the various federal statutes that Peoples cites entitles him to the relief he seeks. Section 3582(c)(1)(B) authorizes modification of "an imposed term of imprisonment [only] to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," both of which Peoples fails to establish. Section 3742(a)(4) recognizes the defendant's right to appeal an unreasonable criminal sentence to the court of appeals, but offers him no avenue to seek modification of such a sentence by the district court. Petitions under §§1361, 1651 or 2241 require the petitioner to prove that he has no other available remedy.[1]

---

[1] See, e.g. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (finding habeas corpus remedy under 28 U.S.C. § 2241 open to federal defendants to challenge conviction only if § 2255 remedy is

Because Peoples' sentencing claim could be cognizable in a § 2255 motion, he cannot pursue this claim in a petition under §§1361, 1651 or 2241. Based on these findings, the court denies Peoples' motion as captioned.

Given the nature of his claim, the court construes Peoples' current submission as a § 2255 motion. See Castro v. United States, 540 U.S. 375, 381-82 (2003) (omitting citations).[2] This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that Peoples previously filed a § 2255 motion concerning this same conviction and sentence. See United States v. Peoples, Case No. 7:09CR00084-003, Case No. 7:09CV80200 (W.D. Va. March 30, 2010). Because Peoples offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court dismisses Peoples' current motion without prejudice as successive.[3]

---

inadequate or ineffective to test legality of his detention and post-conviction change in law makes his offense conduct no longer criminal); In re Evans, No. 12–1951, 2012 WL 4017413, *1 (4th Cir. Sept. 13, 2012) (finding extraordinary writ of error under 28 U.S.C. § 1651 "will not lie when an alternative remedy [such as § 2255 motion] is available") (citing United States v. Denedo, 556 U.S. 904, 911 (2009); Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (finding that party seeking mandamus must prove he has no other adequate means of relief and that his right to the relief sought is "clear and indisputable").

[2] The Supreme Court recognized in Castro that "[f]ederal courts sometimes [may] ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." 540 U.S. at 381-82.

[3] Moreover, the record does not indicate that Peoples has any valid claim under Simmons. In Simmons, the United States Court of Appeals for the Fourth Circuit ruled that where the state court record of the defendant's prior conviction contained no findings exposing him a sentence of more than one year in prison, that conviction did not qualify as a predicate felony for a federal sentence enhancement. 649 F.3d at 245-53. Peoples challenges the federal court's use at sentencing of his prior conviction in the Circuit Court of Carroll County for possession of a Schedule II drug, in violation of Virginia Code § 18.2-250(A). Peoples' own submissions indicate that the circuit court sentenced Peoples to three years imprisonment for this offense, but then suspended that sentence and imposed supervised

2

An appropriate order will issue this day.[4] The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 15th day of October, 2012.

/s/ James C. Turk
Senior United States District Judge

---

probation. Because the state court clearly found that Peoples was subject to a sentence of more than one year in prison, Simmons does not apply here.

[4] Because the court finds no ground on which Peoples is entitled to the relief he seeks, the court also denies his pending motion for reconsideration of the court's prior order denying appointment of counsel. (ECF No. 290.)